**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 6 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KENNETH H. NEAL, | No. 20-72985 |
| Petitioner, | BRB No. 20-0277 |
| v. | |
| PORTS AMERICA OUTER HARBOR TERMINAL; et al., | MEMORANDUM* |
| Respondents. | |

On Petition for Review of an Order of the
Benefits Review Board

Submitted August 4, 2021**
San Francisco, California

Before:  THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit Judges.

Kenneth Neal petitions for review of the decision of the United States

Department of Labor Benefits Review Board (BRB), which affirmed the

Administrative Law Judge's decision denying Neal's petition to modify his earlier

---

    \*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

denial of benefits. We have jurisdiction pursuant to 33 U.S.C. § 921(c), and we deny the petition for review. As the parties are familiar with the facts of the case, we need not recount them here.

We "set aside decisions of the BRB that are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. The BRB must accept an ALJ's factual findings unless they are contrary to law, irrational, or not supported by substantial evidence. We independently evaluate the evidence in the administrative record to ensure the BRB adhered to the correct standard of review." *Shirrod v. Dir., Off. of Workers' Comp. Programs*, 809 F.3d 1082, 1086 (9th Cir. 2015) (internal quotation marks and citations omitted).

A claimant may seek to modify an earlier award or denial of benefits based on a "change in conditions" or a "mistake in the determination of fact" in the original decision. 33 U.S.C. § 922. Neal's primary argument before this Court is based on the procedure of his original trial before ALJ King; specifically, he was not served notice of Dr. Skomer's August 4, 2016 deposition. But this procedural criticism, even if true, does not demonstrate changed circumstances or a mistake of fact in that first decision. Neal's procedural concerns with his first proceeding should have been raised before the BRB when appealing ALJ King's decision, or by appealing that decision to this Court, rather than via a Section 22 petition for

2

modification. In addition, his argument may be entirely waived, as Neal did not object to the introduction of the deposition in his first ALJ trial.[1] Similarly, the ALJ and BRB did not err in concluding that even if claimant did not receive certain medical reports prior to his initial hearing, that failure does not warrant modification, since this likewise does not show a change of circumstances or a mistake of fact.

In addition, Neal asks us to review the use of certain documents in his proceedings, including missing x-rays and other medical documents. We review the claims that Neal made about these documents before the agency, and we conclude that the agency had substantial evidence for its factual findings and did not abuse its discretion in denying modification. As relevant to what Neal raises in this appeal, the agency rationally concluded (1) that Dr. Lee's x-ray analysis was consistent with the first ALJ's findings, because it did not show an acute injury, (2) that no evidence showed that ALJ King had failed to consider Dr. Rutchik's report, particularly as that report was noted by Dr. Skomer; and (3) that any failure to conduct a hand grip test did not demonstrate that the reports were unreliable,

---

[1]Even if relevant, substantial evidence supported concluding that Neal received proper notice of Dr. Skomer's deposition, as the record includes a certificate of service for the notice of Dr. Skomer's deposition. Neal appears to have raised this issue before the agency in his motion for leave to conduct discovery, and the ALJ did not abuse its discretion in denying that motion.

particularly as doctors noted Neal's reluctance to conduct a hand grip test.[2]

Finally, though Neal does not explicitly challenge the ALJ's evaluation of his testimony, the Social Security decision, or the vocational report, we additionally conclude that the agency appropriately exercised its discretion to determine that these pieces of evidence did not show a mistake of fact or changed circumstances.

Because the BRB reasonably concluded that ALJ Alford had substantial evidence for the factual findings, and the BRB did not make an error of law or abuse its discretion, we deny Neal's petition for review to this Court.

**PETITION DENIED.**

---

[2]The BRB did incorrectly state that Dr. Skomer was both a psychiatrist and a neurologist, when he is only a neurologist, but this error was harmless. *See Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012). Neal makes no argument for prejudice from it, and the original ALJ decision properly refers to Dr. Skomer only as a neurologist.